Linda Feldman WEISS, Plaintiff–
Counter–Defendant–Appellee,

v.

ALARD, L.L.C., Defendant–Counter–
Claimant–Appellant.

No. 03–7742.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2004.

Kevin McNulty, Gibbons, Del Deo, Do-
lan, Griffinger & Vecchione PC, Newark,
NJ, for Appellant.

Jerome R. Halperin, The Halperin Law
Firm, New York, NY, for Appellee.

Present: OAKES, KEARSE and
CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of
said District Court be and hereby is **AF-
FIRMED.**

Defendant Alard, L.L.C. appeals from a
judgment of the District Court awarding
specific performance to plaintiff Linda
Feldman Weiss. On May 25, 1999, the
parties entered into a contract (the "Con-
tract") in which Weiss would convey title
to a commercial building in lower Manhat-
tan (the "Building") to Alard, who was to
(1) convert it into a multi-unit condomini-
um, (2) convey title to one of the planned
units–a duplex located on the top two

floors of the unit and described with particularity in the Contract–to Weiss for $925,000; and (3) pay Weiss a share of the profits from the subsequent sale of the other condominium units. The Contract provided that, in the event that the renovation plans were modified to no longer include the duplex, Weiss would be entitled to a unit of "comparable size and value." The duplex was never constructed, and Alard insisted that no other unit in the Building was of "comparable size and value"; it therefore offered Weiss any unit in the building at asking price.

Weiss sued to obtain specific performance of the Contract, claiming that she was entitled to purchase for $925,000 the top-floor simplex unit that was actually built, which was larger than the duplex described in the Contract. After a bench trial, the District Court found that Alard had breached an express term of the Contract by failing to use its best efforts to obtain approval from city agencies of the agreed-upon renovation plans. The Court also found that the top-floor simplex was a unit of "comparable size and value" to the duplex described in the Contract, and ordered Alard to convey title to the simplex to Weiss for $925,000.

We cannot say that the District Court committed clear error in finding that the two units were of comparable size and value. There was sufficient evidence in the record that the smaller duplex contained amenities that offset, in terms of value, the larger size of the simplex. Nor was it error, as Alard claims, for the District Court to hear evidence outside the Contract in determining the factual question of comparability. Furthermore, the District Court's factual findings were sufficient to support an award of specific performance.

Finally, we note that Alard interposed a counterclaim that essentially mirrored its defense to Weiss's complaint. Although the District Court's judgment did not address Alard's counterclaim, Alard informed us at oral argument that it regards the District Court's decision as a rejection of that counterclaim. Furthermore, the District Court closed the case after entering its judgment granting relief to Weiss. We therefore regard the District Court's judgment as having dismissed Alard's counterclaim, and we affirm.

\*    \*    \*    \*    \*    \*

We have considered all of defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**